72 So.2d 491

**PARHAM v. RUIZ et al.**

No. 41434.

April 26, 1954.

Byrnes & Wallace, New Orleans, for plaintiff-appellant.

Warren O. Coleman, New Orleans, for defendant, reconvenor, appellee.

HAMITER, Justice.

By an authentic act, plaintiff, Jefferson A. Parham, purchased from Serge St. Pee a going business known as the Travelers' Hotel which occupied the second, third and fourth floors of a building located at Municipal Number 441 St. Charles Street in the City of New Orleans. The transaction, handled through a licensed real estate broker representing the vendor, included good will and a large quantity of hotel equipment. The total consideration for the sale was $5,-500, of which $3,500 was paid in cash and $2,000 was payable in monthly installments, the unpaid balance being represented by a promissory note secured by a chattel mortgage on all of the movables acquired.

Assuming immediate possession, plaintiff operated the business and paid a number of the monthly installments. However, approximately eleven months after his acquisition, he brought this suit against the vendor, Serge St. Pee, and the real estate broker, John Ruiz, seeking an annulment

of the sale, together with reimbursement for all sums paid by him, on the ground that the defendants had made misrepresentations respecting a lease on the premises in which the hotel business was conducted.

The defendants denied the alleged misrepresentations and prayed for a rejection of plaintiff's demands. In reconvention, defendant St. Pee asked judgment against plaintiff for the unpaid balance on the note given as part of the consideration for the purchase, together with recognition of the securing chattel mortgage.

After a trial the district court decreed a dismissal of the suit, and rendered further judgment in favor of defendant maintaining his reconventional demand. Plaintiff is appealing.

The act of sale attacked herein, passed on November 24, 1949 before A. Lester Sarpy, Notary Public in and for Orleans Parish, recites, among other things, that Serge St. Pee (one of the defendants) sold and conveyed unto Jefferson A. Parham (plaintiff) a one-half undivided interest in and to:

"The Whole and Entire Hotel and Rooming-House Business Known as 'Travelers' Hotel', located on the 2nd, 3rd, and 4th floors of the building bearing the Municipal No. 441 St. Charles Street, corner of Poydras Street, New Orleans, Louisiana, including all furniture, fixtures, equipment, goodwill, lease rights, and any and all other as-

sets appertaining to said business or used in its operation, and more particularly the following list, which is not to restrict or limit in any wise the broad and general language foregoing:

"1 Electric washing machine;
"1 Gladiron Mangle pressing machine;
"47 rooms of furniture, each room containing one or more beds, mattresses, springs, some chifferobes and some dressers in some rooms;
"1 kitchen stove;
"1 electric clock;
"kitchen table and chairs;
"one registration desk in hall;
"70 bed sheets and 70 pillow cases and
"70 towels; 60 assorted blankets, 55 bed pillows, and 1 neon sign reading 'Travelers' Hotel', value of $275.00."

The act of sale further states: "Vendor herein guarantees occupancy of the said premises, at $300.00 per month, for 44 months from today, payable in advance on the first day of each month, which rent will be paid to the vendor herein, Serge St. Pee."

On the same day, and before the mentioned notary, St. Pee executed and gave to Parham a counter letter reading: "I, Serge St. Pee, do hereby acknowledge that, although I today, by act before A. L. Sarpy, Notary Public, did sell unto Jefferson A. Parham an undivided one-half interest in

and to the business known as the Travelers' Hotel, located at the corner of Poydras Street and St. Charles Street,

"Now the truth and fact of the matter is that, for and in consideration of the fifty-five hundred dollars I today received, I did in reality sell and transfer to him all and every interest of mine in and to the said business, and the said Jefferson A. Parham in truth and fact does own all of the said business, the said act aforementioned having recited that only a one-half interest was sold for the purpose of convenience only."

In his petition, and as a basis for the suit, plaintiff alleged that in July, 1950 he learned that St. Pee at no time had a lease on or any right of occupancy to the premises No. 441 St. Charles Street and " * * * that although the said defendants knew these facts to be true, they deliberately and intentionally misled petitioner and obtained money from petitioner based on the false statements and misrepresentations above outlined, and more particularly in stating that the said Serge St. Pee had a lease upon the said premises, was lessee thereunder, and had 44 months remaining occupancy at the time the alleged sale was executed to petitioner, and specifically guaranteed to petitioner the occupancy of the said premises for the said 44 month period." And at the trial he attempted to substantiate those allegations by his own testimony and that of his wife and of a friend.

The premises in question, we find, were owned by Mrs. Adele Rosenthal; and the management thereof, especially the matter of renting, was under the exclusive control of Leo Fellman & Company, a New Orleans real estate agent. On August 12, 1947 that agent executed for the owner a written lease on the premises in favor of Jack Wainwright, it having been for a term of 36 months commencing October 1, 1947 (ending September 30, 1950) and at a monthly rental of $225. Among the provisions contained in the instrument was one reciting that "Lessee shall make no sub-lease, in whole or in part, and shall not transfer this lease in whole or in part, without the written consent of the lessor * * *."

In violation of the quoted provision, and just as though he were the owner, Wainwright, on September 26, 1947, purportedly leased in writing the premises to Mr. and Mrs. George H. Wigginton for the same term of 36 months commencing October 1, 1947, but at a monthly rental of $300. Making no reference to the original lease, this instrument stated that "A privilege to lessee is hereby granted of sub-leasing the above premises, in all or in part."

Under date of April 10, 1948, Mr. and Mrs. Wigginton endorsed the last mentioned document as follows: "We hereby transfer, sub-lease, and assign all of our rights in this lease to Serge J. St. Pee. Consideration—: act of sale to St. Pee." This transferee, at the same time, purchased

from the Wiggintons the going hotel business; and thereafter he operated it, without any interference from the building owner, until the sale to plaintiff, the rental for the premises having been paid by St. Pee to Wainwright.

Defendant St. Pee emphatically denied his having told Parham that he held a lease on the premises with an unexpired term of 44 months. His testimony is that after learning of the invalidity of the sublease from the Wiggintons, which knowledge was acquired about a year and one-half after his purchase, he went to see a Mr. Miester at Leo Fellman & Company (agent for the owner) with the view of having it ratified and of obtaining a new lease at its expiration. Miester told him that he could remain in the premises as long as he wished, since the owner was only interested in obtaining the rental.

With this understanding St. Pee assured Parham, during later negotiations, that his right of occupancy (then approximately nine months to run under the Wainwright lease) could be extended indefinitely. Parham wanted a three year extension; but when St. Pee interviewed Miester again for the purpose of obtaining it he was told that such could not be granted until the expiration of the Wainwright lease.

Notwithstanding this information, Parham still wanted to purchase the business. Accordingly, it was agreed that an act of sale would be executed reciting a conveyance of one-half of the property and that St. Pee would give a counter letter evidencing transfer of the entirety thereof. The purpose of this arrangement was that St. Pee would ostensibly own one-half of the business, with a right of occupancy to the premises; and, as a result, he would be in position to urge a fulfillment of the promise made to him by Miester with respect to a three year lease extension. In this connection, it was further agreed that the act of sale should contain the provision that St. Pee guarantees occupancy for 44 months at $300 per month.

Defendant Ruiz, as a witness, described the negotiations substantially the same as did St. Pee. He testified that Parham knew before the sale that St. Pee did not hold, and was then unable to obtain, a lease with a 44 months' unexpired term. Parham was so informed by him and was asked whether or not the sale should be consummated.

The testimony of St. Pee and Ruiz is corroborated by the documents evidencing the conveyance and also by testimony of the officiating notary. Thus, as defendants stated, the act of sale was for only one-half of the business; whereas, an attached counter letter recites that it was wholly conveyed. And the notary testified that the instruments were prepared in that manner because of the lease complication and, further, that Parham fully understood the

arrangement. Said he: "Since the transaction was unusual and I did have a little acquaintance with him prior to this date, I took particular pains to see that Mr. Parham knew what was going on."

In further corroboration of the testimony of defendants is the undeniable fact that St. Pee made no assignment of any lease or sublease to Parham. All that he did respecting the premises, as before shown, was to guarantee occupancy for 44 months.

It would seem, therefore, that the weight of the evidence is with the defendants and that the allegations of misrepresentation have not been preponderately supported.

Additionally, the record discloses that up to the time this suit was tried the plaintiff had enjoyed occupancy of the premises, and had operated the business, for approximately 40 months, using in connection therewith all of the property described in and conveyed by the attacked act of sale and counter letter; and that a lease which he had obtained from the owner assured him further occupancy sufficient to exceed the full period of 44 months guaranteed by St. Pee. As a consequence St. Pee's contract or obligation has been fully satisfied, leaving plaintiff without any cause to complain.

For the reasons assigned the judgment appealed from is affirmed.